UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>EL DORADO COUNTY JAIL,<br><br>　　　　　Respondent. | No. 2:18-cv-2612 JAM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a county jail inmate prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2018 conviction for "obstructing a public officer" in violation of California Penal Code Section 148(a)(1). (ECF No. 1 at 2.) On November 6, 2018, the undersigned recommended that this action be dismissed based on petitioner's failure to file an application to proceed in forma pauperis or pay the court's filing fee. On December 14, 2018, petitioner filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Accordingly, the findings and recommendations are vacated. Petitioner has submitted a declaration that makes the showing required by § 1915(a). The request to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner concedes he has not presented his habeas claims to the California Supreme Court. (ECF No. 1 at 6.) Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

Further, petitioner included various allegations that his constitutional rights have been violated due to conditions of his confinement in the El Dorado County Jail. As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004). In some circumstances, a court may find it appropriate to convert an improperly filed habeas petition into a civil rights complaint. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (*en banc*). Here, however, the undersigned finds it inappropriate to do so. In his petition, petitioner includes unrelated allegations[3] and fails to

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[3] Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of

include charging allegations as to each individual plaintiff claims violated his Constitutional rights. For example, petitioner alleges: (a) during his purported "false arrest," two El Dorado County Sheriff's Deputies assaulted petitioner; (b) while housed at the El Dorado County Jail, petitioner was forced to sleep on an inadequate mattress, exacerbating his chronic sciatica; (c) failure to provide medication for plaintiff's chronic sciatica pain; (d) following transfer to the South Lake Tahoe Division Jail, failure to provide adequate pain relief; and (e) failure to provide meaningful court access by prohibiting inmates from copying legal documents.[4] Because the instant petition is not amenable to conversion on its face, the undersigned declines to convert it to a civil rights action.[5]

Finally, on December 17, 2018, petitioner filed a motion to consolidate all of his cases pending in the Eastern District of California. Because the undersigned recommends this action be dismissed, it is inappropriate to consolidate this action with petitioner's other pending cases. Petitioner's motion to consolidate cases is denied without prejudice.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The November 6, 2018 findings and recommendations (ECF No. 6) are vacated;

2. Petitioner is granted leave to proceed in forma pauperis;

3. Petitioner's motion to consolidate cases (ECF No. 8) is denied without prejudice;

4. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

////

---

law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

[4] Petitioner appends various exhibits which allude to other allegations, but all allegations must be set forth within the pleading to provide adequate notice of petitioner's claims.

[5] In addition, petitioner is presently pursuing a civil rights action against the El Dorado County Jail and other defendants. Craig v. Agostini, No. 2:18-cv-3044 AC (E.D. Cal.).

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 9, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/crai2612.103