1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NORMAN JOHN CRAIG,                    No.  2:18-cv-2612 JAM KJN P

12                  Petitioner,

13        v.                              ORDER

14   COUNTY OF EL DORADO,

15                  Respondent.

16

17        Petitioner is a county jail inmate, proceeding pro se and in forma pauperis.  This action

18   proceeds on petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254

19   challenging his July 2018 conviction.  Since the undersigned ordered a response by respondent,

20   petitioner has filed documents bearing case numbers for both his civil rights action, 2:18-cv-2505

21   MCE AC PS, and the instant action.  Petitioner is advised that his two cases are not related and it

22   is inappropriate to file documents bearing both case numbers in this action.  This case proceeds

23   on petitioner's challenge to his 2018 conviction and is unrelated to any claims concerning

24   conditions of confinement in the El Dorado County Jail.

25        A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is not the proper vehicle

26   for petitioner to challenge the conditions of his confinement.

27           "Federal law opens two main avenues to relief on complaints related
             to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and
28           a complaint under the Civil Rights Act . . . , 42 U.S.C. § 1983.

                                    1

Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal citations omitted) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). Claims regarding the conditions of petitioner's confinement, as opposed to the validity or duration of his confinement, must be brought in a civil rights action. Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979).

Moreover, at this point, no filings in this habeas action are required by petitioner. Once respondent files either an answer or a motion to dismiss, then petitioner will have an obligation to either file a reply or an opposition to the motion to dismiss, to which he should append any pertinent exhibits. From this point forward, petitioner shall refrain from filing any documents pertaining to the conditions of confinement in this action. This court has no jurisdiction in this case to address petitioner's housing status, alleged discrimination, alleged excessive force, or alleged need for medical treatment. Petitioner is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action. DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989). Petitioner's failure to comply with court orders may result in the imposition of sanctions. L.R. 110; Fed. R. Civ. P. 41.

On February 4, 2019, petitioner filed a motion to compel the jail to produce documents on behalf of petitioner, apparently attempting to challenge a jail policy concerning photocopies. (ECF No. 14.) To date, it appears that petitioner has been able to make photocopies as his original petition appended numerous exhibits, and on February 19 and 28, 2019, petitioner filed additional exhibits. Also, as discussed above, such motion is more appropriately raised in a civil rights action, not in the instant case in which he challenges the fact or duration of his confinement, and no filing is required of petitioner at this time. Therefore, petitioner's motion is denied without prejudice to its renewal, if appropriate, in a civil rights action.

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall stop filing in this case documents bearing both case numbers for his civil rights action, 2:18-cv-2505 MCE AC PS, and this action;

2. Petitioner shall not file documents concerning the conditions of his confinement in this action seeking federal habeas relief;

3. Petitioner's motion (ECF No. 14) is denied without prejudice; and

4. Petitioner's request (ECF No. 21) is denied without prejudice to its renewal in a civil rights action.

Dated:  March 11, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/crai2612.den