UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>   Petitioner,<br><br>  v.<br><br>EL DORADO COUNTY JAIL,<br><br>   Respondent. | No. 2:18-cv-2612 JAM KJN P<br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel. This action proceeds on his amended petition for writ of habeas corpus challenging his 2018 conviction. (ECF No. 15.) On April 22, 2019, petitioner filed a motion for an order for a grand jury investigation, and a motion for application to the federal witness protection program. (ECF Nos. 30, 31.) Petitioner is advised that such motions are not properly filed in this action because this action addresses solely habeas relief. As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004). If petitioner believes his constitutional rights are being violated in connection with the conditions of his confinement, he must file a civil rights action under 42 U.S.C. § 1983.

1

Petitioner is advised that the decision as to whether a criminal prosecution should proceed, and what charges may be filed or brought before a grand jury unquestionably lies within a prosecutor's discretion. See United States v. Batchelder, 442 U.S. 114, 124 (1979); cf. Jett v. Castaneda, 578 F.2d 842, 845 (9th Cir. 1978) ("While district courts have certain responsibilities in connection with selecting, instructing, and supervising grand juries, . . . the investigation of crime is primarily an executive function. Nowhere in the Constitution or in the federal statutes has the judicial branch been given power to monitor executive investigations before a case or controversy arises."); accord Olagues v. Russoniello, 770 F.2d 791, 799-800 (9th Cir. 1985); see also Powell v. Katzenberg, 359 F.2d 234, 234 (D.C. Cir. 1965) (per curiam) ("It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."); Bryan v. Def. Tech. U.S., 2011 WL 590902, at *3-4 (E.D. Cal. Feb. 10, 2011) (unpublished) (collecting cases and concluding that mandamus relief does not lie to compel the United States Attorney to exercise his discretion to prosecute an alleged crime), adopted by 2011 WL 3585959 (E.D. Cal. Aug. 16, 2011).[1]

For all of the above reasons, petitioner's motions are denied without prejudice to their renewal in the appropriate forum.

Accordingly, IT IS HEREBY ORDERED that petitioner's motions (ECF No. 30, 31) are denied without prejudice.

Dated: May 1, 2019

craig2612.ord

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner asks the court to order a grand jury investigation into various alleged violations of the California Penal Code. (ECF No. 30 at 1-3.) However, the Ninth Circuit has explicitly prohibited the exercise of a court's supervisory power if it would encroach on the prerogative of the executive branch to determine what evidence is presented to a grand jury "unless there is a clear basis in fact and law for doing so." United States v. Chanen, 549 F.2d 1306, 1313 (9th Cir. 1977). Petitioner has pleaded no such basis here and admits no grand jury proceeding is already underway. "[T]o enable individuals to present to a grand jury any complaint of purported criminal activity would interfere with the executive branch's prerogative to direct the enforcement of the laws, and thus would not be an appropriate exercise of judicial authority." Phillips v. City of Oakland, 2008 WL 1901005, at *2 (N.D. Cal. Apr. 28, 2008) aff'd sub nom. Phillips v. City of Oakland, CA, 311 F. App'x 14 (9th Cir. 2009). Moreover, it would be inappropriate for any such action to proceed in a habeas case.