UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JOHN D'AGOSTINI,[1]<br><br>　　　　　Respondent. | No. 2:18-cv-2612 JAM KJN P<br><br><br>ORDER |

I. Introduction

Petitioner is a county jail inmate, proceeding without counsel. Respondent moves to dismiss the petition on the grounds that petitioner fails to state a valid claim for federal habeas relief, and because petitioner failed to exhaust his state court remedies as to all of his claims. Petitioner filed an opposition; respondent did not file a reply. As discussed below, petitioner is granted thirty days in which to file a motion for stay pending exhaustion.

II. Request for *Sua Sponte* Stay

In his opposition, petitioner states that the court may find a stay of this action is appropriate because his "direct appeal" in P17CRM1258 is pending in the El Dorado County

---

[1] Petitioner improperly named the County of El Dorado as respondent. Because John D'Agostini is the Sheriff of El Dorado County, and has day-to-day control over petitioner, Sheriff D'Agostini is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

Superior Court.² (ECF No. 35 at 9.)

A federal district court may not address the merits of a petition for writ of habeas corpus unless the petitioner has exhausted state court remedies with respect to each of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). Under Rhines v. Weber, a district court may stay a mixed petition if the following conditions are met: (1) "the petitioner had good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. 269, 278 (2005).³ Petitioner must meet all three prongs under Rhines. 544 U.S. at 278. The Supreme Court made clear that this option "should be available only in limited circumstances." Id. at 277. Moreover, a stay under Rhines may not be indefinite; reasonable time limits must be imposed on a petitioner's return to state court. Id. at 277-78.

Since Rhines, the Ninth Circuit determined that a prisoner may properly request a stay rather than be required to dismiss a habeas petition consisting entirely of unexhausted claims.

---

² However, in the pending motion to dismiss, respondent states that petitioner did not file a direct appeal from his conviction for violation of California Penal Code Section 148. (ECF No. 33 at 2.) In his opposition, petitioner references both an "appeal" as well as "collateral review." In discussing his claim for lack of probable cause, petitioner states: "The identical claims have been raised *on appeal* of P17CRM1258 in the Appellate Division of El Dorado County Superior Court, oral arguments scheduled for hearing on July 19, 2019, at 4:00 p.m. *on collateral review*." (ECF No. 35 at 5 (emphasis added).) But later, petitioner states that his "direct appeal . . . is currently active and docketed for oral argument on July 19, 2019." (ECF No. 35 at 7.) Prior to his conclusion, petitioner suggests this court may determine a stay is appropriate in light of petitioner's "pending direct appeal of case P17CRM1258," and identifies the "appeal issues" as "unconstitutional arrest and ineffective assistance of counsel for failure to argue the false arrest, to request proper jury instructions, and to object to an unlawful sentence." (ECF No. 35 at 9.)

³ A second procedure for staying mixed petitions, known as the "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009); see Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) (noting that "Rhines applies to stays of mixed petitions" and Kelly to "stays of fully exhausted petitions" (emphasis omitted)). The Kelly procedure is riskier than the Rhines procedure because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred under the one-year statute of limitations. See King, 564 F.3d at 1140-41.

2

Mena v. Long, 813 F.3d 907 (9th Cir. 2016) (granting district courts discretion to stay a fully unexhausted petition).

The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that good cause does not require "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982. The fact that a petitioner was without counsel in state habeas proceedings generally establishes "good cause" because such a petitioner could not "be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." Dixon v. Baker, 847 F.3d 714, 721 (9th Cir. 2017).

In light of these authorities, the court is not inclined to *sua sponte* grant petitioner a stay of this action. However, because it appears petitioner is presently pursuing ineffective assistance of counsel claims in the El Dorado County Superior Court, he is granted thirty days in which to file a motion for stay.[4] If petitioner seeks a Rhines stay, he is cautioned that he must address each of the three Rhines prongs set forth above in order to demonstrate good cause exists for the stay. The motion shall be briefed pursuant to Local Rule 230(l). Once the motion is fully briefed, the court will address the pending motion to dismiss and the motion for stay.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that

1. John D'Agostini is substituted as respondent; and

///

////

---

[4] If petitioner chooses to seek a Kelly stay, he must also file a second amended petition raising only his exhausted claims, and is cautioned that if he chooses to proceed on an amended petition raising only his exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

3

2. Within thirty days from the date of this order, petitioner shall file a motion for stay.

Dated: September 13, 2019

/craig2612.fb.stay

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4