UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN JOHN CRAIG,

    Petitioner,

v.

JOHN D'AGOSTINI,

    Respondent.

No. 2:18-cv-2612 JAM KJN P

FINDINGS & RECOMMENDATIONS

I. Introduction

    Petitioner is a county jail inmate, proceeding without counsel. Respondent moves to dismiss the petition on the grounds that petitioner fails to state a valid claim for federal habeas relief, and because petitioner failed to exhaust his state court remedies as to all of his claims. Petitioner filed an opposition; respondent did not file a reply. On September 13, 2019, petitioner was granted thirty days to file a motion for stay, but petitioner did not respond.

    As set forth below, because the petition is a mixed petition raising both exhausted and unexhausted claims, petitioner's unexhausted claims should be dismissed without prejudice, and his Fourth Amendment claim should be denied.

II. Background

    On March 28, 2018, petitioner was found guilty of resisting a police officer in violation of California Penal Code Section 148, in El Dorado County Superior Court case no. P17CRM1258.

1

(ECF No. 34-1.) On July 30, 2018, petitioner was sentenced to 180 days in jail and three years of probation. (Id.) Petitioner did not file an appeal.

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District on August 13, 2018.[1] (ECF No. 34-2.) The petition was denied on August 16, 2018, citing In re Steele, 32 Cal. 4th 682, 692 (2004); and In re Hillery, 202 Cal. App. 2d 293 (1962). (ECF No. 34-3.)

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on December 3, 2018.[2] (ECF No. 34-4.) The California Supreme Court denied the petition on January 2, 2019, without comment. (ECF No. 34-5.)

On January 8, 2019, petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court. (ECF No. 34-6.) The petition was denied on January 22, 2019:

> Habeas relief is not available when petitioner has other plain, speedy, and adequate remedies available. In re Clark (1993) 5 Cal.4th 750, 764, fn.3. A habeas petition cannot be used as a substitute for preliminary hearing or trial.
>
> The Petition is Summarily Denied. [¶] IT IS SO ORDERED.

(ECF No. 34-7.)

On February 14, 2019, petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court, No. PC20190093. (ECF No. 34-8.) As of the filing of respondent's motion, this state court petition remained pending. (ECF No. 34-9.)

---

[1] Because respondent is not raising a statute of limitations defense, the court uses the date the petitions were file-stamped by the receiving court rather than applying the mailbox rule.

[2] In the petition filed in the California Supreme Court, petitioner raised the following claims: (1) "I am being victimized by psychological warfare technology, i.e., 'remote neural monitoring' device 24 hours daily in violation of civil rights," and (2) El Dorado County trial court, in P17CRM1258, found petitioner guilty of California Penal Code Section 148, with no underlying charge to support probable cause to arrest or arraign on any other charges, November 13, 2017, December 13, 2017. In support of his second claim, petitioner claimed he was arrested and assaulted by sheriff's deputies with no charges filed except 148 PC, "resisting arrest," obstructing public officers, who had no probable cause in support of a warrant or arraignment. (ECF No. 34-4 at 4.) Petitioner also claimed that three attorneys told petitioner that certain district attorneys "can be expected to fabricate evidence including jail phone calls, taken out of context, and manipulated to create evidence of guilt, unlawfully tamper with or fabricate evidence, or exclude exculpatory evidence. (ECF No. 34-4 at 4.) Petitioner cited Brady in support. (ECF No. 34-4 at 4.)

2

On September 24, 2018, petitioner filed his original petition for writ of habeas corpus in this action. (ECF No. 1.) On February 4, 2019, petitioner filed an amended petition for writ of habeas corpus. (ECF No. 15.)

III. Amended Petition

Petitioner raises three claims in his amended petition. In his first claim, petitioner contends that he was denied the assistance of counsel and was subject to false arrest. Petitioner claims he was arrested for elder abuse on November 13, 2017, and December 13, 2017, and on December 13, 2017, was charged with the violation of Penal Code Section 148. Petitioner argues there was no probable cause for either arrest.

In his second claim, petitioner contends he was convicted of an unauthorized sentence: sentenced to a "batterer's class," but was not convicted of battery; required to attend "anger management classes," but was not convicted of an anger-related offense. (ECF No. 15 at 4.)

In his third claim, petitioner alleges "police brutality; false arrest & imprisonment, assault & battery with injury." (ECF No. 15 at 5.) Petitioner claims he was illegally arrested while asleep, and assaulted during arrest without probable cause, resulting in permanent hip injury.

IV. Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

A. Exhaustion of State Court Remedies

Respondent contends that petitioner failed to exhaust all of his federal claims.

1. Legal Standards Governing Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[3] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

2. Discussion

After reviewing the record in this action, the court finds that petitioner failed to exhaust state court remedies as to his ineffective assistance of counsel allegation included in claim one; his false arrest claims related to his arrests on November 13, 2017, and December 13, 2017, for

---
[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

4

elder abuse without probable cause or insufficient evidence to arrest or prosecute; his allegation that his sentence is illegal or unauthorized (claim two); or police brutality allegations raised in claim three. Indeed, petitioner concedes that his petition filed in the California Supreme Court did not directly allege ineffective assistance of counsel. (ECF No. 35 at 8.) Petitioner argues that such petition "alludes to the fact by inference," id., but that is insufficient. Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002).

Moreover, in his opposition, petitioner attempts to add additional claims that have also not been exhausted. For example, petitioner lists claims (a) – (g), which he alleges are "set forth in petitioner's Superior Court appeal [sic] brief lodged with this motion in opposition to respondent's motion to dismiss, Superior Court Case P17CRM1258."[4] (ECF No. 35 at 3.) Petitioner did not append a copy of such filing with his opposition in this case, and the brief does not otherwise appear to be a part of the court record. (ECF No. 34.) In any event, such new claims were not included in the petition filed in the California Supreme Court, and therefore are also unexhausted.

Finally, by order filed September 13, 2019, petitioner was granted thirty days in which to file a motion for stay should he wish to exhaust those claims that were not exhausted in state court. Thirty days have now passed, and petitioner has not filed a motion for stay.

////

---

[4] Petitioner references both an "appeal" as well as "collateral review." As noted above, respondent states that petitioner did not file a direct appeal from his conviction for violation of California Penal Code Section 148. In discussing his claim for lack of probable cause to arrest and convict him for violation of Section 148, petitioner states: "The identical claims have been raised *on appeal* of P17CRM1258 in the Appellate Division of El Dorado County Superior Court, oral arguments scheduled for hearing on July 19, 2019, at 4:00 p.m. *on collateral review*." (ECF No. 35 at 5 (emphasis added).) But later, petitioner states that his "direct appeal . . . is currently active and docketed for oral argument on July 19, 2019." (ECF No. 35 at 7.) Prior to his conclusion, petitioner suggests this court may determine a stay is appropriate in light of petitioner's "pending direct appeal of case P17CRM1258," and identifies the "appeal issues" as "unconstitutional arrest and ineffective assistance of counsel for failure to argue the false arrest, to request proper jury instructions, and to object to an unlawful sentence." (ECF No. 35 at 9.) In any event, only one of those issues has been exhausted.

5

1 | Accordingly, the amended petition is a mixed petition containing both exhausted and unexhausted claims and must be dismissed without prejudice. Ordinarily, petitioner would be granted leave to file a second amended petition raising the one claim that petitioner did raise in the California Supreme Court. However, as discussed below, petitioner's exhausted claim fails to state a cognizable claim for habeas relief; therefore, the instant petition should be dismissed without prejudice to petitioner pursuing his unexhausted claims in state court.

B. One Exhausted Habeas Claim

The sole claim in the amended petition that petitioner included in his petition filed in the California Supreme Court is his claim that there was no probable cause to arrest and convict him of resisting a police officer. (ECF No. 34-4 at 4.)

There is no reasoned state court opinion addressing petitioner's probable cause claim.

In Stone v. Powell, 428 U.S. 465 (1976), the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. Thus, a Fourth Amendment claim can only be litigated on federal habeas where petitioner demonstrates that the state did not provide an opportunity for full and fair litigation of the claim; it is immaterial whether the petitioner actually litigated the Fourth Amendment claim. Gordon v. Duran, 895 F.2d 610, 613 (9th Cir. 1990).

The issue before this court is whether petitioner had a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, not whether petitioner actually litigated those claims, Gordon, supra, or whether the state courts correctly disposed of the Fourth Amendment issues tendered to them. See Siripongs v. Calderon, 35 F.3d 1308, 1321 (9th Cir. 1994) (the correctness of the state court resolution of the suppression motion is irrelevant under Stone v. Powell). As argued by respondent, California Penal Code section 1538.5 provides a procedure for filing motions to suppress. Thus, petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in state court, whether or not such suppression motion was made.

////

Therefore, petitioner's Fourth Amendment claim is barred in this federal habeas proceeding. Stone v. Powell, 428 U.S. 465, 494 (1976).

   C.  Alleged Police Brutality

Finally, petitioner's allegation that he was subjected to police brutality or excessive force during his arrest fails to state a cognizable habeas claim. As a general rule, a claim that challenges the fact or duration of a prisoner's confinement is addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Here, as argued by respondent, petitioner must pursue any police brutality or excessive force claim through a civil rights action under 42 U.S.C. § 1983. See Graham v. Connor, 490 U.S. 386, 394-95 (1989) (alleged use of excessive force during an arrest states a claim under 42 U.S.C. § 1983). In some circumstances, a court may convert an improperly filed habeas petition into a civil rights action. Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (*en banc*). However, because the amended petition is not, on its face, amenable to conversion to a civil rights complaint, the undersigned finds it inappropriate to do so. Petitioner's police brutality claims should be dismissed without prejudice.

V.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 33) be granted as follows:

   1. Petitioner's Fourth Amendment claim be denied with prejudice; and

   2. Petitioner's remaining claims be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

7

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 30, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/craig2612.mtd.hc